UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                    :
FOX SHIVER LLC,                                  :

                Plaintiff,                   :
                                             :        25-CV-3068 (JMF)
      -v-                         :
                                             :            <u>ORDER</u>
INDIVIDUALS, CORPORATIONS, LIMITED     :
LIABILITY COMPANIES, PARTNERSHIPS, AND :
UNINCORPORATED ASSOCIATIONS IDENTIFIED :
ON SCHEDULE A TO THE COMPLAINT et al.,    :
                                             :
              Defendants.               :
                                           :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On May 12, 2025, Plaintiff Fox Shiver LLC filed a motion, pursuant to Rules 4(e) and (f)(3) of the Federal Rules of Civil Procedure, seeking an order authorizing "Plaintiff to effectuate service of process by registered e-mail" to certain Defendants identified in Exhibit A to Plaintiff's Motion. *See* ECF Nos. 27 ("Mot."); 27-1 ("Ex. A").

        For substantially the reasons set forth in Plaintiff's motion, *see* Mot. at 3-6, the motion for alternative service on the listed *foreign* Defendants under Rule 4(f)(3) is GRANTED. The foreign Defendants that Plaintiff seeks to serve through alternative means either reside in (1) a signatory nation to the Hague Convention that does not oppose e-mail service or (2) a non-signatory nation to the Hague Convention.

        By contrast, Plaintiff's motion for alternative service on the listed *domestic* Defendants under Rule 4(e) is DENIED. Under Rule 4(e), Plaintiff may serve Defendants located in the United States through alternative means only if the traditional methods of service prove "impracticable." *S.E.C. v. Nnebe*, No. 01 CV 5247, 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003); N.Y. CPLR § 308(5). Although a plaintiff need not show "proof of due diligence or of actual prior attempts to serve a party," *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016), it generally "must make some showing that the other prescribed methods of service could not be made," *Corson v. Power Moves, Inc.*, No. 19-CV-8847 (VSB), 2020 WL 3318099, at *1 (S.D.N.Y. June 18, 2020) (internal quotation marks omitted).

        Here, Plaintiff has not explained what steps, if any, it has taken to try and obtain the domestic Defendants' information to serve them through a traditional method. Plaintiff asserts only that the traditional methods of service would be impracticable "considering that many of the Defendants have multiple addresses in various states associated with their accounts" and "given

the large number of Defendants connected through e-commerce international dealings with one another." Mot. at 3. Such conclusory assertions do not suffice. *See, e.g.*, *Europgold Ltd. v. Silver N Gold Wholesale, LLC*, No. 1:24-CV-07297 (JLR), 2025 WL 897100, at *2 (S.D.N.Y. Mar. 24, 2025) ("[A] conclusory affirmation that service was not possible due to [a] plaintiff['s] lack of knowledge of [a] defendant['s] whereabouts and an affidavit of their process server stating that one unsuccessful [service] attempt was made at a given address is insufficient to establish impracticability." (cleaned up)); *Jones v. Combs*, No. 24-CV-1457 (JPO), 2025 WL 1313425, at *1 (S.D.N.Y. May 6, 2025) ("Mere conclusory assertions about difficulty do not suffice." (internal quotation marks omitted)).

Accordingly, Plaintiff's request for alternative service on the domestic Defendants under Rule 4(e) is DENIED without prejudice to renewal in the event that traditional service proves to be impracticable. Plaintiff's request for alternative service on the foreign Defendants identified and listed in green on Exhibit A under Rule 4(f)(3) is GRANTED.

The Clerk of Court is directed to terminate ECF No. 27.

SO ORDERED.

Dated: May 14, 2025
      New York, New York

                                                    JESSE M. FURMAN
                                                  United States District Judge