UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

Fox Shiver LLC

                        Plaintiff

                                                  Case No: 25-cv-3068-JMF

   v.

Individuals, Corporations, Limited
Liability Companies, Partnerships,
and Unincorporated Associations Identified
on Schedule A to the Complaint,

                       Defendants.

-----------------------------------------------------------x

## **PRELIMINARY INJUNCTION ORDER**

THIS MATTER comes before the Court on the application of Fox Shiver LLC ("Plaintiff"), brought by way of Order to Show Cause, for entry of a Preliminary Injunction (the "Application") against the Defendants identified on Schedule A[1] to the Complaint that have not previously been dismissed from this case (collectively, the "Defendants")[2]; and

THE COURT having reviewed the papers in support of the Application, and following any arguments by counsel present at the May 21, 2025, hearing, finds that Plaintiff meets the criteria for entry of preliminary injunctive relief;

THE COURT further finds it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States,

---

[1] The following Defendants listed in Schedule A have been dismissed from this case: PieczaszPrints, Teehike, TheArtBytes, KatsKraftCorner MagicMerchEmporium, and TheRuralArtisan. *See* ECF Nos. 33, 36.

[2] Any capitalized term not defined herein shall have the meaning set forth in the Temporary Restraining Order ("TRO") entered by the Court on April 23, 2025. See ECF No. 22.

including New York, offering to sell and ship products into this Judicial District. Specifically, the Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive online storefronts (the "Online Storefronts") operated through the Service Providers. Through Defendants' Online Storefronts, New York residents can purchase products that are unlawfully bearing, using, or otherwise copying the Subject Works.

THIS COURT concludes that Plaintiff meets the criteria or preliminary injunctive relief against the Defendants. The evidence establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted, including, for example:

a) Through the Declarations of Dmitry Lapin and Justyna Dorsz, and accompanying evidence, Plaintiff has proven a *prima facie* case of copyright infringement because (1) ownership of a valid copyright is established through the copyright registration certificate for the Subject Works, which indicates that the Subject Works were registered within five years of first publication. The copyright registration certificates therefore serve as *prima facie* evidence of the validity of Plaintiff's copyright to the Subject Works and the facts stated in the certificates. 17 U.S.C. § 410(c); and (2) copying of constituent elements of the Subject Works that are original. Through visual comparison of the Subject Works and the Infringing Products, the Infringing Products appear to be an exact copy, or virtually identical copy, of at least one of the Subject Works. Defendants are creating, offering for sale, and/or selling the Infringing Products and thus, have infringed Plaintiff's copyrights to the Subject Work. 17 U.S.C. §106.

b) The continued and unauthorized use of the Subject Works irreparably harms Plaintiff's copyrights through loss of exclusivity, loss of future sales, and damage to Plaintiff's reputation;

c) Money damages fail to address such damage and therefore, Plaintiff does not have an adequate remedy at law;

d) Further, the public interest is served by entry of this Preliminary Injunction to prevent Plaintiff's interest to its copyrights and to protect the public from being deceived and defrauded by Defendants' infringing actions.

The Court therefore determines that a preliminary injunction is warranted under Federal Rule of Civil Procedure 65. The injunctive relief initially granted in the Temporary Restraining Order ("TRO") on April 23, 2025 (ECF No. 22), shall remain in place through the pendency of this litigation.

**NOW THEREFORE**, on this __21st__ day of May, 2025, this Court ORDERS that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily enjoined and restrained from:

    a. Using or otherwise exploiting the Subject Works, or any copyrights thereto, in any manner;

    b. Passing off, inducing, or enabling others to sell or pass off any not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using the Subject Works;

    c. Further infringing the Subject Works, or any copyrights thereto;

   d. Committing any acts calculated to cause consumers to believe that the Infringing Products are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff

   e. Further infringing Plaintiff's copyrights to the Subject Works and damaging Plaintiff's goodwill; and

   f. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the Subject Works, any reproductions, counterfeit copies, or colorable imitations thereof.

2. Within fourteen (14) days of receiving notice of this Order, the Defendants shall each serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that they own and/or operate; (c) their financial accounts, including by way of example, all AllPay/GoAllPay, Coinbase, HyperWallet, Lakala, LianLian, OFX, Paxful, PayEco, Payoneer, PayPal, PingPong, SellersFunding, Stripe, Union Mobile/UmPay/UmPay2, and Wise/TransferWise accounts (the "Financial Institutions"); and (d) the steps taken by each Defendant to comply with paragraph 1, a through g, above.

3. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be preliminary enjoined from transferring or disposing of any money or other assets until further ordered by this Court.

4. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that: any newly

discovered Service Providers and Financial Institutions shall, within five (5) business days of receipt of this Order, locate Defendants' Financial Accounts and Defendants' Assets connected to and related to Defendants, Defendants' Online Storefronts and shall provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. The identities and locations of the Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

    b. The nature of the Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Defendants' User Accounts with the Service Providers and the Defendants' Financial Accounts, as well as providing a full accounting of the Defendants' sales and listing history related to their respective accounts;

    c. Identifying any Online Storefronts, Defendant User Accounts, and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

5.    As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that: any newly discovered Service Providers and Financial Institutions shall, within five (5) business days of receipt of this Order, restrain and enjoin Defendants' User Accounts and Defendants' Financial Accounts from receiving, transferring or disposing of any money or other of Defendants' Assets until further ordered by this Court.

6. As sufficient cause has been shown, and pursuant to FRCP 4(f) and Articles 1 and 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), service may be made on, and shall be deemed effective as to Defendants if completed in the following means: Delivery of PDF copies of this Order together with the Summons and Complaint via Registered email to Defendants' respective email addresses.

7. As sufficient cause has been shown, service of this Order shall be made on and deemed effective on the Service Providers and Financial Institutions by electronic means.

8. The foregoing authorization for alternative service applies only to the service of this Order and the papers filed in support of this Order, not to the service of the Complaint and Summons, which the Court has ruled on separately. *See* ECF No. 30.

9. Schedule A to the Complaint, Plaintiff's *ex parte* Applications for entry of a Temporary Restraining Order, Preliminary Injunction, a Restraint on the Transfer of Assets, Expedited Discovery, and all associated documents annexed thereto, including Exhibits, Declarations, and Proposed Orders are now unsealed. The TRO is now unsealed. Plaintiff shall promptly re-file all sealed documents submitted to date on the public docket by **May 28, 2025**.

10. Any Defendant that is subject to this Order may appear and move to dissolve or modify this Order on two (2) days' notice to Plaintiff, or on shorter notice as set by this Court.

11. The Twenty Five Thousand Dollar ($25,000.00) bond posted by Plaintiff shall remain with the Court until a final disposition of this case, or until this Preliminary Injunction is terminated.

12. Plaintiff shall submit a status update and proposed next steps letter no later than **July 21, 2025,** and **every two (2) months thereafter** until the Court orders otherwise.

SO ORDERED.

Dated: May 21, 2025
New York, NY

_____
Jesse M. Furman, U.S. District Judge