UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

Fox Shiver LLC

                        Plaintiff

                                                Case No: 25-cv-3068-JMF

        v.

Individuals, Corporations, Limited
Liability Companies, Partnerships,
and Unincorporated Associations Identified
on Schedule A to the Complaint,

                        Defendants.

--------------------------------------------------------x

## MOTION TO VACATE AND FOR ENTRY OF DEFAULT

Plaintiff Fox Shiver LLC ("Fox Shiver"), by and through undersigned counsel, respectfully

moves the Court to vacate its October 1, 2025 Order (ECF No. 117), which directed briefing and

a hearing on a motion for default judgment, and to instead enter default under Rule 55(a) of the

Federal Rules of Civil Procedure and Local Civil Rule 55.1(b) against the Defendants identified

in Appendix A to Plaintiff's Motion for Entry of Default (ECF No. 113).

On September 30, 2025, Fox Shiver filed a motion seeking entry of default against certain

Defendants who have failed to appear or otherwise defend. See ECF No. 113. That motion did **not**

seek default judgment, but rather requested the procedural step of entry of default pursuant to Fed.

R. Civ. P. 55(a) and Local Rule 55.1(b). Rule 55 of the Federal Rules of Civil Procedure provides

that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead

or otherwise defend…the clerk shall enter the party's default." Fed. R. Civ. P. 55(a) (emphasis

added). Under Local Rule 55.1(b), "the Court, on its own initiative, may enter default or direct the

clerk to enter default." **Fox Shiver's motion was thus directed solely to entry of default under Rule 55(a), not to judgment under Rule 55(b).**

On October 1, 2025, the Court entered an Order construing Fox Shiver's submission as a motion for default judgment, setting an opposition schedule, directing Plaintiff to serve the motion and the Court's Order on Defendants, and scheduling a show cause hearing. See ECF No. 117.

Moreover, certain Defendants were only recently served on September 16, 2025, after the Court permitted service by alternative means. See ECF No. 106. Their time to appear or respond has not yet fully run, and Fox Shiver intends to allow that time to elapse before seeking any further relief. Fox Shiver intends to move for default judgment, as appropriate, only after the procedural requirements are satisfied, defaults have been entered, and Defendants have been afforded the full opportunity to appear and defend. That motion will set forth in detail Fox Shiver's entitlement to default judgment, the legal and factual basis for the relief sought, and the evidentiary support for damages and other remedies.

At this stage, therefore, Fox Shiver respectfully seeks only the entry of default against the Defendants identified in Appendix A to ECF No. 113—those parties who have failed to appear or otherwise defend within the time prescribed by the Rules. Entry of default is consistent with Rule 55(a), within the Court's authority under Local Civil Rule 55.1(b), and necessary to set the stage for any subsequent application for default judgment under Rule 55(b).

[remainder of page intentionally blank]

Vacating the Order will prevent unnecessary briefing, service, and a hearing on a motion that has not yet been filed, while ensuring the case proceeds in the proper sequence contemplated by Rule 55. Accordingly, Fox Shiver respectfully requests that the Court

(1) Vacate, in its entirety, the October 1, 2025, Order (ECF No. 117); and

(2) Enter default pursuant to Rule 55(a) and Local Civil Rule 55.1(b) against the Defendants listed in Appendix A to Plaintiff's Motion for Entry of Default (ECF No. 113), for the reasons set forth therein.

Dated: October 1, 2025

Respectfully submitted,

/s/ Dmitry Lapin
Dmitry Lapin, Esq.
Axenfeld Law Group, LLC
2001 Market Street, STE 2500
Philadelphia PA 19103
Dmitry@axenfeldlaw.com
917-979-4570
*Attorneys for Plaintiff*

## **CERTIFICATE OF WORD-COUNT**

I hereby certify that the foregoing Motion to Vacate and for Entry of Default contains 548 words, excluding the case caption, signature block, and this certificate, as determined by the word count function of Microsoft Word.

Dated: October 1, 2025

/s/ Dmitry Lapin
Dmitry Lapin

Application GRANTED in part. The Court's October 1, 2025, ECF No. 117, order is hereby VACATED. The request for entry of a certificate of default is referred to the Clerk of Court, which should treat the motion filed at ECF No. 113 as a request for that relief. See also ECF Nos. 108-09. (Plaintiff should ensure that future requests for the Clerk to enter certificates of default are filed in accordance the the ECF Rules & Instructions.) The Clerk of Court is directed to terminate ECF Nos. 113 and 118.

SO ORDERED.

Page **3** of **3**

October 3, 2025