UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

Fox Shiver LLC

Plaintiff

Case No: 25-cv-3068-JMF

v.

Individuals, Corporations, Limited
Liability Companies, Partnerships,
and Unincorporated Associations Identified
on Schedule A to the Complaint,

Defendants.

----------------------------------------------------------x

**[PROPOSED] DEFAULT JUDGMENT**

THIS ACTION, having been commenced Fox Shiver LLC ("Plaintiff") against the

Defendants identified on Schedule A, and that certain Defendants identified in **Appendix A** to

this Order have defaulted (collectively, the "Subject Defendants"), who operated storefronts (the

"Online Storefronts") through Etsy, Inc. (the "Service Provider") through which the Subject

Defendants commercially exploited one or more works of art, to which Plaintiff owns the

copyrights in connection with physical products or digital files bearing/containing one or more

Subject Works (the "Infringing Products"); and Plaintiff having moved for entry of Default

Judgment against the Subject Defendants;

This Court having entered, upon a showing by Plaintiff, a temporary restraining order and

preliminary injunction against the Subject Defendants that included an asset restraining order, for

their offering for sale of the Infringing Products exploiting one or more of the works of art

owned by Plaintiff, as identified in **Appendix B** to this Order (the "Subject Works");

Plaintiff properly completed service of process on the Subject Defendants either waived service pursuant to Fed. R. Civ. P. 4(d), were served personally, or were served through alternative means, namely email, as previously permitted by the Court;

The Subject Defendants, and each of them, have been afforded ample time and opportunity to answer and present their objections;

None of the Subject Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT FINDS that it has personal jurisdiction over the Subject Defendants because the Subject Defendants ~~(a)~~ directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, the Subject Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive Online Storefronts through which New York residents can purchase products bearing counterfeit versions of products utilizing one or more of the Subject Works; ~~(b) transacted business within New York by contracting with New York-based Etsy, Inc. to operate their Online Storefronts, including the payment of account and listing fees, in which the Infringing Products were offered for sale and/or sold; and/or (c) caused injury to Plaintiff's copyrights to the Subject Works in New York, namely the diminution or tarnishment of the value of those copyrights~~

THIS COURT FURTHER FINDS that Plaintiff Fox Shiver LLC is the owner of the copyrights in and to the Subject Works, and that the copyrights for each of the Subject Works are duly registered with the United States Copyright Office. The copyright registrations for the Subject Works were obtained within five (5) years of their first publication and thus constitute

*prima facie* evidence of the validity of the copyrights and the facts stated in the certificates pursuant to 17 U.S.C. § 410(c).

THIS COURT FURTHER FINDS that upon reviewing the Subject Works and the corresponding Infringing Products, each Infringing Product is either an identical copy of a Subject Work, is virtually identical, or is otherwise substantially similar to the Subject Work it copies.

THIS COURT FURTHER FINDS that the Subject Defendants had access to the Subject Works, as evidenced by their commercial exploitation of identical or nearly identical reproductions of the Subject Works. The striking similarity between the Subject Works and the respective Infringing Products establishes that copying necessarily occurred. The degree of similarity between the Subject Works and the respective Infringing Products is so overwhelming that it compels the conclusion that the Subject Defendants directly copied the Subject Works, thereby satisfying the striking similarity standard.

THIS COURT FURTHER FINDS that the Subject Defendants are liable for copyright infringement under 17 U.S.C. § 101 *et seq*., and that such conduct was willful and malicious;

THIS COURT FURTHER FINDS that Etsy, and other online marketplace platforms, payment processors, financial institutions, domain registrars, and internet service providers (collectively, "Third-Party Providers"), are in active concert or participation with the Subject Defendants pursuant to Federal Rule of Civil Procedure 65(d)(2). These Third-Party Providers have facilitated and materially contributed to the Subject Defendants' infringing conduct by providing services that enabled the sale, promotion, distribution, and monetization of the Infringing Products, including: (a) providing marketplace accounts and platforms for the Subject Defendants to advertise, offer for sale, and sell products bearing the Subject Works; (b)

processing payments, transmitting funds, and providing financial services that allowed the Subject Defendants to receive proceeds from the sale of the Infringing Products; (c) hosting and displaying the Subject Defendants' infringing listings, thereby facilitating consumer access to the unauthorized works; and/or (d) providing customer support, order fulfillment, and logistical services that further enabled the commercial exploitation of the Subject Works. Accordingly, the Third-Party Providers, having actively participated in and facilitated the unlawful conduct of the Subject Defendants, are properly bound by this Order and directed to take all necessary steps to disable, restrict, and prevent further use of their platforms and services in connection with the infringement of the Subject Works.

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment is GRANTED in its entirety, that Default Judgment is entered against the Subject Defendants, as specified herein.

Accordingly, this Court ORDERS that:

1.      The Subject Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

   a. Using the Subject Works, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any products, including the Infringing Products;

   b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine product of Plaintiff's and/or not produced under the authorization, control, or

supervision of Plaintiff and approved by Plaintiff for sale pursuant to Plaintiff's copyrights to the Subject Works;

c.  Committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.  Further infringing Plaintiff's copyrights to the Subject Works and damaging Plaintiff's goodwill;

e.  Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the Subject Works, any reproductions, counterfeit copies, or colorable imitations thereof;

2.  Within five (5) days of receipt of this Order, Etsy, and any other Third-Party Providers are directed to:

a.  Disable any listings identified by Plaintiff in writing as incorporating or displaying the Subject Works;

b.  Disable any advertisements promoting listings identified by Plaintiff in writing as incorporating or displaying the Subject Works; and

c.  take reasonable steps to remove or de-index such listings from search results within their respective platforms.

3.  Those in privity with the Subject Defendants, and with actual notice of this Order, including Third-Party Providers, such as PayPal, Wish, Payoneer, social media platforms,

Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, shall within three (3) business days of receipt of this Order:

    a.  disable or suspend the specific listings identified by Plaintiff in writing as incorporating or displaying the Subject Works;

    b.  disable and cease displaying any advertisements used by or associated with the Subject Defendants in connection with the sale of counterfeit and infringing goods using the Subject Works; and

    c.  cease providing payment processing or other transaction-related services in connection with sales of products offered through listings identified by Plaintiff in writing as incorporating or displaying the Subject Works.

4.    Etsy, and their related companies and affiliates, as well as any other Third-Party Provider with actual notice of this Order, shall, within five (5) business days of receipt of this Order, use reasonably available account information to identify any additional accounts that are reasonably believed to be owned or operated by the same users as the Subject Defendants and that are used to offer for sale products incorporating the Subject Works ("Connected Accounts").This search shall include, but is not limited to, reviewing the following:

    a.  Account registration details (name, email addresses, phone numbers);

    b.  Payment information and financial accounts used for transactions (such as PayPal, Payoneer, or linked bank accounts);

    c.  IP addresses, device identifiers, and login history;

    d.  Order fulfillment and shipping addresses; and

    e.  Any other unique identifiers created for the Subject Defendants.

5.    Etsy, and its related companies and affiliates, as well as any other Third-Party Provider with actual notice of this Order, shall disable or suspend access to any listings identified by Plaintiff in writing as incorporating or displaying the Subject Works, including such listings within any Connected Accounts. Any action taken with respect to Connected Accounts shall be limited to the removal or disabling of such identified listings, and shall not require the disabling of entire accounts except to the extent such accounts are used solely to offer for sale listings identified by Plaintiff in writing as incorporating or displaying the Subject Works.

6.    Etsy, and its related companies and affiliates, as well as any other Third-Party Provider with actual notice of this Order, within ten (10) business days of receipt of this Order, shall provide Plaintiff with a written report detailing:

   a.   The results of its search for Connected Accounts, including the specific criteria used to identify them;

   b.   A list of any Connected Accounts identified and actions taken against them; and

   c.   If any Third-Party Provider contends that it cannot reasonably locate Connected Accounts, a sworn declaration explaining the search methods employed and the reasons for its claimed inability to identify additional accounts.

7.    All banks, savings institutions, payment processors, money transmitters, and other financial institutions (collectively, the "Financial Institutions"), such as PayPal, Inc., Payoneer, Inc., Wise/Transfer Wise, Ping Pong Global Solutions, Inc., AllPay Limited, etc., shall, within three (3) business days of receipt of this Order, restrain funds in accounts associated with the Subject Defendants that are reasonably traceable to the sale of products incorporating the Subject Works.

8.      Pursuant to 17 U.S.C. § 504(c), Plaintiff is awarded statutory damages against each of the Subject Defendants in the amount of fifty thousand dollars ($50,000.00) per Subject Work infringed, with the total damages awarded against each Subject Defendant set forth in **Appendix C** attached hereto, which itemizes each Subject Defendant and the corresponding damages award.

9.      All monies currently restrained in the Subject Defendants' financial accounts, including monies held by Etsy, the Service Providers, any Financial Institutions, or any other Third-Party Provider are hereby released to Plaintiff as partial payment of the above-identified damages, and the Service Providers, the Financial Institutions, and any other Third-Party Provider are ordered to release to Plaintiff the amounts from the Subject Defendants' accounts, including any Connected Accounts, within ten (10) business days of receipt of this Order.

10.      Partial payments made pursuant to this Order shall not constitute full satisfaction of the judgment unless and until the total amount awarded, including post-judgment interest, has been fully paid. Plaintiff may pursue collection of any remaining balance through all available means, including but not limited to continuing enforcement actions against the Subject Defendants, the issuance of additional restraining orders against newly discovered accounts or assets, and any further proceedings necessary to ensure full satisfaction of the judgment.

11.      In the event Plaintiff identifies additional accounts owned or operated by any Subject Defendant that are used to offer for sale products incorporating the Subject Works, Plaintiff may provide notice of this Order to the relevant third-party service providers, which shall comply with this Order with respect to such accounts upon receiving actual notice.

12.      In the event that Plaintiff identifies any additional online marketplace accounts, storefronts, domain names, or financial accounts owned by any Subject Defendant, Plaintiff may

send notice of any supplemental proceeding to the Subject Defendant by email at the email addresses identified by Plaintiff, and any email addresses provided by third parties as being owned or used by the Subject Defendant.

13.    Pursuant to 28 U.S.C. § 1961, post-judgment interest shall accrue on the total monetary award, including damages, attorneys' fees, and costs, at the rate set forth by federal law, from the date of entry of this Judgment until the total amount is fully paid. The applicable rate of post-judgment interest shall be calculated as provided in 28 U.S.C. § 1961(a), based on the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of entry of this Judgment. Such interest shall be compounded annually, as required by 28 U.S.C. § 1961(b). The Subject Defendants shall be responsible for the payment of post-judgment interest without the necessity of further action by the court or the prevailing party.

Dated:   May 7, 2026                      _____
                                          Jesse M. Furman
                                          United States District Judge


The Clerk of Court is directed to terminate ECF No. 176.

## APPENDIX A

| | Defendant |
|---|---|
| 2 | Apolinariaa |
| 4 | ArtbyJaims |
| 5 | ArtofBirdiee |
| 6 | BAGTIANCIAGA |
| 9 | BestWishesFromFL |
| 10 | CarronsCreations |
| 22 | InkDesignJS |
| 25 | KamillaDesignStore |
| 27 | LeadBellyBenny |
| 28 | LiluBazars |
| ██ | ████████████ |
| 30 | Littleworkplace |
| 32 | MagentaByGerry |
| ██ | ████████████ |
| 39 | OneStepHappy |
| 47 | RickandMel1 |
| 50 | sinclothing |
| 55 | TheArtisanPaws |
| 59 | TimaShopDesigns |
| 60 | VerityFashion |
| 61 | WaysofWhimsy |
| 63 | Zenorbstudio |

# APPENDIX B

|    | Title | Registration # | Registration Date |
|----|-------|----------------|-------------------|
| 1  | Not Today. | VA0002240645 | January 7, 2021 |
| 2  | Overthinking and also hungry | VA0002263723 | July 29, 2021 |
| 3  | All These Feelings | VA0002264833 | August 01, 2021 |
| 4  | My Favorite Thing | VA0002323370 | September 29, 2022 |
| 5  | Existing | VA0002265386 | August 05, 2021 |
| 6  | Vaguely Aware of Social Norms | VA0002264797 | August 03, 2021 |
| 7  | Those Useless Humans | VA0002273086 | September 24, 2021 |
| 8  | This is weird. I like it. | VA0002273094 | September 24, 2021 |
| 9  | Is it Time to Panic? | VAU0001447878 | September 19, 2021 |
| 10 | Too Busy Having Feelings | VA0002411126 | May 27, 2024 |
| 11 | This is not going well | VA0002323637 | October 5, 2022 |
| 12 | I've been thinking | VAU0001448293 | September 21, 2021 |

## APPENDIX C

| | Defendant | Judgment Amount |
|---|---|---|
| 2 | Apolinariaa | $50,000.00 |
| 4 | ArtbyJaims | $50,000.00 |
| 5 | ArtofBirdiee | $50,000.00 |
| 6 | BAGTIANCIAGA | $50,000.00 |
| 9 | BestWishesFromFL | $100,000.00 |
| 10 | CarronsCreations | $50,000.00 |
| 22 | InkDesignJS | $50,000.00 |
| 25 | KamillaDesignStore | $50,000.00 |
| 27 | LeadBellyBenny | $50,000.00 |
| 28 | LiluBazars | $50,000.00 |
| | ██████████ | ██████ |
| 30 | Littleworkplace | $50,000.00 |
| 32 | MagentaByGerry | $50,000.00 |
| | ██████████ | ██████ |
| 39 | OneStepHappy | $50,000.00 |
| 47 | RickandMel1 | $50,000.00 |
| 50 | sinclothing | $50,000.00 |
| 55 | TheArtisanPaws | $50,000.00 |
| 59 | TimaShopDesigns | $50,000.00 |
| 60 | VerityFashion | $50,000.00 |
| 61 | WaysofWhimsy | $50,000.00 |
| 63 | Zenorbstudio | $50,000.00 |