UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                               :

FOX SHIVER LLC,                         :

                               :

            Plaintiff,           :

                               :        25-CV-3068 (JMF)

       -v-                  :

                               :

INDIVIDUALS, CORPORATIONS, LIMITED   :      MEMORANDUM OPINION
LIABILITY COMPANIES, PARTNERSHIPS, AND  :         AND ORDER
UNINCORPORATED ASSOCIATIONS IDENTIFIED  :
ON SCHEDULE A TO THE COMPLAINT,     :

                               :

            Defendants.       :

                               :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant Julie M. Norris moves, pursuant to Rule 12(b) of the Federal Rules of Civil

Procedure, to dismiss the Complaint for lack of personal jurisdiction and improper venue, and in

the alternative, to transfer venue under 28 U.S.C. § 1404(a) to the Western District of

Washington.  *See* ECF No. 122 ("Norris Rule 12(b) Mem.").[1]  Plaintiff Fox Shiver LLC ("Fox

Shiver") opposes these motions and moves, in the alternative, for leave to conduct jurisdictional

discovery.  *See* ECF No. 126 ("Pl.'s Disc. Mem.").  Upon review of the parties' submissions, the

Court agrees with Fox Shiver that jurisdictional discovery is appropriate.  Accordingly, Fox

Shiver's motion for jurisdictional discovery is GRANTED, and Norris's motions to dismiss and

for transfer are DENIED, albeit without prejudice to renewal after jurisdictional discovery.

---

[1]      When Norris filed her motion, she was proceeding without counsel.  But counsel sought
*pro hac vice* admission to appear on her behalf, *see* ECF No. 144, shortly before she filed her
reply, *see* ECF No. 150 ("Norris Rule 12(b) Reply").  The reply appears to have been prepared
with the assistance of someone with legal training.

Jurisdictional discovery is typically warranted "when a plaintiff has made out a colorable claim of personal jurisdiction but lacks key supporting facts that might reasonably be identified through such discovery." *Koh v. Koo*, No. 22-CV-6639 (JMF), 2023 WL 5352786, at *4 n.5 (S.D.N.Y. Aug. 21, 2023) (internal quotation marks omitted). That is the case here.[2] Fox Shiver alleges that Norris sold, shipped, or otherwise distributed infringing products bearing its copyrighted artwork to New York consumers through a highly interactive storefront on Etsy.com ("Etsy"). *See* ECF No. 43 ("Compl."), ¶¶ 12, 37-38, 44, 60; ECF No. 43-2. If credited, these allegations "would suffice to establish" that personal jurisdiction exists under Section 302(a)(1) of New York's long-arm statute. *Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC*, 22 F.4th 103, 121 (2d Cir. 2021) ("*Schwab II*") (cleaned up); *see, e.g.*, *Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 278 (2d Cir. 2024) ("[A] single act can potentially suffice for establishing personal jurisdiction under [N.Y. C.P.L.R.] § 302(a)(1), depending on the defendant's other activity directed towards New York."); *Pearson Educ., Inc. v. ABC Books LLC*, No. 19-CV-7642 (RA), 2020 WL 3547217, at *6 (S.D.N.Y. June 30, 2020) (observing that courts have found the exercise of personal jurisdiction proper over "commercial vendors who use [third-party online marketplaces] as a means for establishing regular business with a remote forum," but not over "occasional sellers who use an internet service once to sell goods to the highest bidder who happens to be in the forum state" (internal quotation marks omitted)). But the Court need not take them as true in light of Norris's declaration, *see* Norris Rule 12(b) Mem.

---

[2]    As venue in copyright actions is proper where the defendant is subject to personal jurisdiction, *see* 28 U.S.C § 1400(a); *Johnson v. Sony Music Publ'g (US) LLC*, No. 23-CV-10369 (LTS), 2024 WL 2924219, at *1 (S.D.N.Y. May 9, 2024), and "[t]he legal standard for a motion to dismiss for improper venue [pursuant to Rule 12(b)(3)] is the same as a motion to dismiss for lack of personal jurisdiction" pursuant to Rule 12(b)(2), *Dow Jones & Co. v. Perplexity AI, Inc.*, 797 F. Supp. 3d 305, 332-33 (S.D.N.Y. 2025) (internal quotation marks omitted), Norris's challenges on these matters rise and fall together.

Ex. A. ¶¶ 3-4, and record evidence to the contrary, *see* ECF No. 124 ("Lapin Decl."), ¶ 6; ECF No. 124-4, at 4; Norris Rule 12(b) Mem. Ex. A. ¶ 8, Ex. 5; *see also MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (explaining that, on a Rule 12(b)(2) motion, "[t]he allegations in the complaint must be taken as true [only] to the extent they are uncontroverted by the defendant's affidavits").

Be that as it may, Fox Shiver has shown that it "may be able to establish jurisdiction if given the opportunity to develop a full factual record," such that outright dismissal is not warranted. *Birdie Girl Golf, LLC v. Many Hats Enters., LLC*, No. 24-CV-9425 (LJL), 2025 WL 2391072, at *10 (S.D.N.Y. Aug. 18, 2025) (internal quotation marks omitted); *see also Schwab II*, 22 F.4th at 113, 123-25 (reversing a district court for "discounting" the plaintiffs' allegations in favor of the defendants' affidavits "without holding an evidentiary hearing or permitting jurisdictional discovery" (internal quotation marks omitted)). Indeed, in support of its motion, Fox Shiver "point[s] to" Norris's "apparent willingness to [sell] products" across state lines, as well as her "interactive" storefronts on Etsy and Michaels Stores, Inc. ("Michaels") and her standalone e-commerce site. *Birdie Girl Golf*, 2025 WL 2391072, at *11; *see also* Pl.'s Disc. Mem. 2; Norris Rule 12(b) Mem. Ex. A. ¶ 8; Lapin Decl. ¶¶ 6, 10-11; ECF Nos. 124-4 through 6. Fox Shiver also submits evidence that Norris has offered at least one product with an allegedly infringing design through the Michaels marketplace. *See* Lapin Decl. ¶ 11; ECF No. 124-6. And it identifies "relevant facts" — including the scope of Norris's sales of infringing products from her own website, the location of purchasers and shipments facilitated through that website, and Norris's "potential targeting of [New York] through advertising and marketing" — that "lie exclusively within [Norris's] knowledge." *Birdie Girl Golf*, 2025 WL 2391072, at *11 (internal quotation marks omitted). As developing these facts may allow Fox Shiver to establish

personal jurisdiction, the Court concludes that limited jurisdictional discovery is warranted.

Insofar as Fox Shiver seeks to establish personal jurisdiction pursuant to Section 302(a)(1), however, any discovery requests concerning the scope of Norris's financial relationship with Etsy, *see* Pl.'s Disc. Mem. 4-5 (seeking such discovery), must be aimed at uncovering whether she actually "purposefully avail[ed] [herself] of the privilege of conducting activities within" New York in a manner related to Fox Shiver's claim, *Am. Girl,* 118 F.4th at 277; *see also Spetner v. Palestine Inv. Bank*, 70 F.4th 632, 640 (2d Cir. 2023) (noting that, under Section 302(a)(1), "jurisdiction cannot be based on conduct in the forum that is extraneous or coincidental" because "the touchstone for jurisdiction . . . is the intent to reach the forum"); *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) ("A connection [between the cause of action and the defendant's transaction of business in New York] that is merely coincidental is insufficient to support jurisdiction." (internal quotation marks omitted)).  That means the most relevant advertising fees, for example, would pertain any efforts by Norris to market her products to New York.  By the same token, the Court is skeptical that discovery related to some of the fees that Norris may have paid Etsy — for example, any shipping fees, *see* ECF No. 124-2, at 6 — will support the exercise of jurisdiction over Norris.

For the foregoing reasons, Fox Shiver's motion for jurisdictional discovery is GRANTED, and Norris's motions to dismiss and for transfer are DENIED, without prejudice to renewal after jurisdictional discovery.  The parties shall promptly meet and confer regarding the appropriate scope of jurisdictional discovery, which shall be completed within forty-five days **from the date of this Memorandum Opinion and Order**.  If, after that jurisdictional discovery, Norris has a good-faith belief that the Court lacks personal jurisdiction over her, she may renew her motion to dismiss for lack of personal jurisdiction and improper venue **within**

**two weeks** of the close of jurisdictional discovery.

The Clerk of Court is directed to update the case caption consistent with this Memorandum Opinion and Order and to terminate ECF Nos. 122 and 126.

SO ORDERED.

Dated: June 5, 2026
New York, New York

JESSE M. FURMAN
United States District Judge