UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                     :

FOX SHIVER LLC,                   :

                       :

             Plaintiff,         :

                       :        25-CV-3068 (JMF)

     -v-                  :

                       :     MEMORANDUM OPINION
INDIVIDUALS, CORPORATIONS, LIMITED   :       AND ORDER
LIABILITY COMPANIES, PARTNERSHIPS, AND  :
UNINCORPORATED ASSOCIATIONS IDENTIFIED :
ON SCHEDULE A TO THE COMPLAINT,   :

                       :

            Defendants.     :

                       :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

This case, familiarity with which is presumed, involves copyright infringement claims

arising from the allegedly unlawful use of copyrighted artwork.  Plaintiff Fox Shiver LLC ("Fox

Shiver") alleges that Defendants, who operate online storefronts through third-party platforms,

promote, distribute, offer to sell, and sell goods with identical or near-identical copies of works

of art that it owns.  *See* ECF No. 43.  Now pending before the Court are Fox Shiver's motions,

pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, for an award of expenses it

incurred in effecting service of process on three Defendants: Shameem Aslam d/b/a StitchSpire

("StitchSpire"), Narges Tankbris d/b/a JooJooArtStore ("Tankbris"), and Julie M. Norris d/b/a

FamilyMakingsByJulie ("Norris").  *See* ECF Nos. 91, 127.[1]  For the reasons that follow, the

---

[1]     FamilyMakingsByJulie and JooJooArtStore have no legal existence apart from Julie M.
Norris and Narges Tankbris, respectively.  *See* ECF Nos. 132-33.  Fox Shiver initially moved for
expenses from Defendant Ayse R. Civelek d/b/a RanasThreadsnTees ("RanasThreadsnTees") as
well, *see* ECF No. 91, but it later withdrew the motion as to that Defendant, ECF No. 98, and
then voluntarily dismissed the action as to that Defendant, *see* ECF No. 141.

Court GRANTS Fox Shiver's motion in full as to StitchSpire and in part as to Tankbris and DENIES the motion as to Norris without prejudice to renewal after limited jurisdictional discovery and confirmation of whether the Court has personal jurisdiction over her.

## DISCUSSION

Rule 4(d) imposes upon a defendant "a duty to avoid unnecessary expenses of serving the summons." FED. R. CIV. P. 4(d)(1). Thus, if a plaintiff located in the United States makes a sufficient request for a defendant located in the United States to waive formal service, and the defendant fails to do so without good cause, the Court "*must* impose on the defendant" both "the expenses later incurred in making service" *and* "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." FED. R. CIV. P. 4(d)(2) (emphasis added). In general, for costs to be awarded under Rule 4(d)(2), a plaintiff must make a sufficient request for waiver of service under Rule 4(d)(1) — that is, its notice of the civil action and request for waiver of service "must: (1) be in writing and be addressed either to the individual defendant or to an officer or agent authorized to receive service, (2) name the court where the complaint was filed, (3) include a copy of the complaint, 2 copies of the waiver form, and a prepaid means for returning the form, (4) inform the defendant of the consequences of waiving or not waiving service, (5) state the date when the request is sent, (6) give the defendant at least 30 days [after the request was sent] . . . to return the waiver, and (7) be sent by first-class mail or other reliable means." *Wright v. Mail Media Inc.*, No. 23-CV-07124 (ALC), 2024 WL 421375, at *1 (S.D.N.Y. Jan. 30, 2024) (citing FED. R. CIV. P. 4(d)(1)).

That said, "[w]hile the procedural requirements of Rule 4(d)(1) are a condition precedent to a demand for costs for refusal to waive service, a plaintiff need only show substantial compliance with the[se] requirements . . . to be awarded costs." *Id.* (internal quotation marks

2

omitted).  Generally, courts "are reluctant to excuse a defendant's failure to waive service based on technical errors that do not prejudice the defendant" and have emphasized that "a good cause defense is only available in rare circumstances."  *Brinks Glob. Servs. USA, Inc. v. Bonita Pearl Inc.*, 686 F. Supp. 3d 357, 364 (S.D.N.Y. 2023) (cleaned up); *see also, e.g.*, *Stapo Inds., Inc. v. M/V Henry Hudson Bridge*, 190 F.R.D. 124, 126 (S.D.N.Y. 1999) (finding that where "the purposes of Rule 4 have been met" and "there has been substantial compliance by plaintiff with its requirements," the court is "compel[led] . . . to grant costs to plaintiff").  "'Good cause' may be found," for example, "'if the defendant did not receive the request or was insufficiently literate in English to understand it.'"  *Brinks Glob. Servs. USA*, 686 F. Supp. 3d at 365 (quoting FED. R. CIV. P. 4 advisory committee's note to 1993 amendment ("Adv. Comm. Note")).  "A belief as to the merits of the underlying action however, such as whether the complaint is unjust or unfounded, is not 'good cause' sufficient to excuse failure to execute a waiver request."  *Estrella v. P.R. Painting Corp.*, No. 06-CV-717 (ADS) (AKT), 2006 WL 3359485, at *2 (E.D.N.Y. Nov. 20, 2006).

Invoking Rule 4(d)(2), Fox Shiver seeks to recover from StitchSpire, Tankbris, and Norris the costs of retaining a process server and of preparing the instant motions.  *See* ECF No. 92 ("Pl.'s First 4(d) Mem."), at 5-8; ECF No. 128 ("Pl.'s Second 4(d) Mem."), at 6-9.  As to StitchSpire and Tankbris, the Court concludes that Fox Shiver is entitled to recovery.  The record indicates that, on May 30, 2025, Fox Shiver mailed a copy of the summons, Complaint, a request for waiver of service, two waiver forms, and a prepaid means for returning the executed waivers to both of those Defendants.  *See* ECF No. 93 ("First Lapin Decl."), ¶¶ 2, 4; ECF No. 129 ("Second Lapin Decl."), ¶¶ 2, 4; *see also* ECF Nos. 93-2 ("StitchSpire Cover Letter"), 93-4, 129-1 ("Tankbris Cover Letter"), 129-3.  These documents were enclosed with a cover letter that

3

noted the nature of the litigation, listed the appended materials, and instructed Defendants to "review the forms provided as there is important information concerning the consequences of failing to waive service." StitchSpire Cover Letter 2; Tankbris Cover Letter 2. For her part, Tankbris concedes that she received the waiver request. *See* ECF No. 134 ("Tankbris Mem."), at 1; ECF No. 134-2. But neither Defendant returned an executed waiver by July 10, 2025, over a week after the allotted thirty-day period to waive service had expired, at which point Fox Shiver retained a process server and commenced efforts to effect service. *See* First Lapin Decl. ¶ 5; Second Lapin Decl. ¶ 6. The process server served StitchSpire on July 15, 2025, *see* ECF No. 93-6 ("StitchSpire Service Aff."), but, despite multiple attempts, was unable to serve Tankbris via traditional means, *see* ECF No. 129-5 ("Tankbris Service Aff."). Accordingly, Fox Shiver eventually sought and obtained leave of Court to serve Tankbris via alternative means, *see* ECF Nos. 96, 100, which it later did, ECF No. 106. In short, Fox Shiver has plainly demonstrated "substantial compliance with the requirements [of] Rule 4(d)(1)" as to both StitchSpire and Tankbris. *Wright*, 2024 WL 421375, at *1 (internal quotation marks omitted).

StitchSpire does not oppose Fox Shiver's motion, but Tankbris does — on the ground that she had good cause not to waive service. Specifically, Tankbris contends that Fox Shiver's waiver mailing was "confusing" and "did not clearly identify which party was the Plaintiff," principally because the case caption referenced "XYZ Corp.," the pseudonym Fox Shiver temporarily used at the outset of this litigation. *See* Tankbris Mem. 1. Contrary to Tankbris's assertions, however, the language of the waiver package was plain. And while the case caption did list "XYZ Corp." as the plaintiff, Fox Shiver's cover letter explicitly stated that it was "identified in the above caption as 'XYZ Corp.'" Tankbris Cover Letter 2. Moreover, Tankbris's own conduct confirms that she was not "confused." Only about two weeks after

4

receiving the waiver request, she emailed Fox Shiver's counsel, asserting that she had obtained the allegedly infringing design via a valid license and attempting to resolve the suit in good faith. *See* ECF No. 134-1; ECF No. 143-1, at 2. In short, even granting Tankbris the special solicitude to which she is entitled as a *pro se* litigant, the Court concludes that this record does not support a finding of good cause. *See, e.g.*, *Wright v. Ruppert*, No. 23-CV-823 (JLS) (HKS), ECF No. 21, at 4-5 (W.D.N.Y. Jan. 11, 2024) (finding a lack of good cause where nothing in the record suggested that the defendant, who was unrepresented when waiver request was sent, "did not receive or was unable to understand the plain language of the documents"); *cf. Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) (enforcing a procedural rule against a *pro se* litigant where "reading the applicable rule" would have warned him of the consequences of non-compliance); *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (observing that a defendant's *pro se* status alone "does not exempt [her] from compliance with [the] relevant rules of procedural . . . law" (internal quotation marks omitted)). Accordingly, the Court is "compel[led]" to grant Fox Shiver costs. *Stapo Indus.*, 190 F.R.D. at 126.

As for the amount of costs to which Fox Shiver is entitled, Rule 4(d)(2), as noted, calls for the Court to "impose" the "expenses later incurred in making service" as well as the plaintiff's "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." FED. R. CIV. P. 4(d)(2). With respect to StitchSpire, Fox Shiver requests $75.00 to cover process server expenses as well as $620.05 in attorneys' fees and costs it incurred in connection with the instant motion — namely, half of $1,155.00 in attorneys' fees (3.3 hours at a rate of $350 per hour), $25 in secretarial work, $9.15 in printing costs, and $8.40 in postage fees — for a total of $695.05. Pl.'s First 4(d) Mem. 8; First Lapin Decl. ¶¶ 7-10; StitchSpire Service Aff. 2; ECF No. 93-7 ("Postage Costs"). With respect to Tankbris, Fox

5

Shiver seeks to recover $82.50 for the process server and $962.50 in attorneys' fees (2.75 hours at a rate of $350 per hour) it incurred in making the instant motion against her, for a total of $1,045.00.  Pl.'s Second 4(d) Mem. 6; ECF No. 156 ("Third Lapin Decl."), ¶¶ 3-6.

Fox Shiver's requests as to StitchSpire are justified.  As to the attorneys' fees in particular, both the time spent preparing the instant motion and the rates sought to compensate for that time — i.e., 1.65 hours at a rate of $350 per hour — are appropriately documented and reasonable.  Fox Shiver's request for the expenses incurred in making service on Tankbris are also justified.  That is true notwithstanding Tankbris's objection that Fox Shiver's methods for attempting formal service "resulted in avoidable costs," Tankbris Mem. 1; *see* ECF No. 134-4, as she, by failing to waive service, "assumed the risk that the costs 'subsequently incurred' might be higher than is normally to be expected," *Daigneault v. Eaton Corp.*, No. 06-CV-1690J, 2008 WL 410594, at *11 (D. Conn. Feb. 12, 2008); *see also Brinks Glob. Servs. USA*, 686 F. Supp. 3d at 364 (explaining that "the rule requires defendants who 'magnify costs of service by requiring expensive service not necessary to achieve full notice of an action brought against them' to 'bear the wasteful costs'" (quoting Adv. Comm. Note)).  By contrast, given the nature of this litigation and Tankbris's opposition, as well as the efficiencies gained from Fox Shiver's first Rule 4(d)(2) motion, the Court finds that Fox Shiver should be awarded less in attorneys' fees than it requests from Tankbris.  Specifically, the Court concludes that two hours of time, for a total of $700, is reasonable.  *See, e.g.*, *Brinks Glob. Servs. USA*, 686 F. Supp. 3d at 371-72 & n.6 (granting roughly $1,028 in attorneys' fees for two hours of work in presenting a 4(d)(2) motion against over 10 defendants); *U.S. Engine Prod., Inc. v. AGCS Marine Ins. Co.*, 783 F. Supp. 2d 507, 508-09 (S.D.N.Y. 2011) (finding that "recovery for one hour of work [on a Rule 4(d)(2) motion]

at a billing rate of $300 per hour," and not for one and a half hours of work at $450 per hour as requested, was "reasonable under the circumstances" (collecting cases)).

That leaves Fox Shiver's motion with respect to Norris.  In a prior Memorandum Opinion and Order, the Court denied Norris's motion to dismiss for lack of personal jurisdiction — albeit without prejudice to renewal after limited jurisdictional discovery.  *See Fox Shiver LLC v. Indivs., Corps., L.L.C.s, P'ships & Unincorporated Ass'ns Identified on Schedule A to the Complaint,* No. 25-CV-3068 (JMF), 2026 WL 1622866, at *2 (S.D.N.Y. June 5, 2026).  The Court concludes that the better part of valor is to wait until that discovery runs its course and the Court determines whether it has personal jurisdiction over Norris to decide whether Fox Shiver is entitled to an award under Rule 4(d)(2).  That is the case because courts appear divided on whether costs can be awarded under Rule 4(d)(2) in the absence of personal jurisdiction. *Compare, e.g.*, *Bozell Grp., Inc. v. Carpet Co-op of Am. Ass'n, Inc.*, No. 00-CV-1248 (RWS), 2000 WL 1523282, at *1 (S.D.N.Y. Oct. 11, 2000) (granting a Rule 4(d)(2) motion and dismissing the case for lack of personal jurisdiction), *and Steger v. Maxwell & Morgan, P.C.*, No. 15-CV-3396 (LMM) (JKF), 2016 WL 11570387, at *3 (N.D. Ga. Dec. 22, 2016) (rejecting a defendant's argument that "only a court with [personal] jurisdiction can . . . impose service costs" under Rule 4(d) because "a court may award sanctions against a party even if a court lacks jurisdiction over that party" (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992))), *with Stonehill v. Hawley*, No. 07-CV-1815 (JAP), 2008 WL 163698, at *4 (D.N.J. Jan. 14, 2008) (dismissing for lack of personal jurisdiction as to two defendants and denying a Rule 4(d)(2) motion against those defendants because a "district court cannot enter judgment for costs under [this Rule] against persons over whom court lacks *in personam* jurisdiction" (citing *Crocker Nat. Bank v. Fox & Co.*, 103 F.R.D. 388, 392 (S.D.N.Y. 1984))).  There would be no need to wade

7

into that debate if jurisdictional discovery confirms that the Court has personal jurisdiction over Norris.

One final housekeeping matter remains.  Given that corporate entities may appear in federal court only through licensed counsel, *see Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007), the Court previously ordered StitchSpire, which purports to proceed *pro se*, *see* ECF No. 90, to show cause by November 26, 2025, why it should be permitted to do so, *see* ECF No. 145. The Court warned that "[i]f Defendant does not show cause by that date, the Court may strike its answer and deem it to be in default." *Id.*  Having received no response by December 5, 2025, the Court extended StitchSpire's deadline, *nunc pro tunc,* to December 19, 2025, once again cautioning that a failure to show cause by that date may result in the Court "strik[ing] its answer and deem[ing] it to be in default." ECF No. 158.  Nearly six months later, StitchSpire has yet to show cause or to otherwise defend this action.  Indeed, as noted, to date, StitchSpire has not opposed or otherwise responded to Fox Shiver's Rule 4(d)(2) motion, even though its deadline to do so — after a courtesy extension by the Court — expired on January 14, 2026.  *See id.*  In light of the foregoing, the Court strikes StitchSpire's answer and directs the Clerk of Court to enter a Certificate of Default as to StitchSpire.  *See, e.g.*, *Arch Ins. Co. v. Sky Materials Corp.*, No. 17-CV-2829 (CBA) (LB), 2021 WL 966110, at *3-4 (E.D.N.Y. Jan. 29, 2021) (collecting cases in which courts struck corporate defendants' answers for failure to comply with orders to retain and appear through counsel); *Inga v. Nesama Food Corp.*, No. 20-CV-909 (ALC) (SLC), 2021 WL 3624666, at *3 (S.D.N.Y. July 30, 2021) ("[T]he failure of a defendant — corporate or individual — to comply with a court's scheduling order and meaningfully participate in the defense of the action is . . . grounds for striking the answer and entering default against that defendant" (collecting cases)); *see also, e.g.*, *Flores v. Boro Concrete Corp.*, No. 21-CV-5006

(JMF), 2022 WL 17551851, at *3 (S.D.N.Y. Dec. 9, 2022) (striking the defendants' answer and deeming them to be in default where the defendants demonstrated a pattern of "repeated noncompliance" with Court orders without any justification, and "ignored at least three separate warnings . . . that noncompliance might result in default judgment being entered against them").

## CONCLUSION

For the reasons stated above, the Court GRANTS Fox Shiver's Rule 4(d)(2) motion in full as to StitchSpire and in part as to Tankbris, and it ORDERS them to pay Fox Shiver $695.05 and $782.50, respectively.  By contrast, the Court DENIES Fox Shiver's Rule 4(d)(2) motion with respect to Norris, albeit without prejudice to renewal after limited jurisdictional discovery and a determination of whether the Court has personal jurisdiction over Norris.  Finally, the Court STRIKES StitchSpire's answer and deems it to be in default.

The Clerk of Court is directed to terminate ECF Nos. 91 and 127, to enter a Certificate of Default as to StitchSpire, and to mail a copy of this Memorandum Order and Opinion to Tankbris and StitchSpire.

SO ORDERED.

Dated: June 8, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

9