UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

Fox Shiver LLC

Plaintiff

Case No: 25-cv-3068-JMF

v.

Individuals, Corporations, Limited
Liability Companies, Partnerships,
and Unincorporated Associations Identified
on Schedule A to the Complaint,

Defendants.

-----------------------------------------------------x

**~~[PROPOSED]~~ DEFAULT JUDGMENT**

This action having come before the Court on Plaintiff Fox Shiver LLC's ("Plaintiff" or "Fox Shiver") Motion for Default Judgment against Defendant Shameem Aslam d/b/a StitchSpire ("StitchSpire"); and

StitchSpire having been served with the Summons and Complaint on July 15, 2025, [ECF No. 81]; having filed an Answer, [ECF No. 90]; and that Answer having thereafter been stricken because StitchSpire failed to appear through counsel, with StitchSpire deemed in default, [ECF No. 198]; and

The Court having considered Plaintiff's Motion, supporting Memorandum of Law, the Declaration of Justyna Dorsz, the Declaration of Dmitry Lapin, and the entire record in this action;

IT IS HEREBY FOUND, ADJUDGED, AND DECREED that:

1. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 and 17 U.S.C. § 101 *et seq.*, and personal jurisdiction over StitchSpire. StitchSpire contracted with New York-based Etsy to operate an interactive online storefront, paid Etsy listing and sales fees, and offered a digital file containing Plaintiff's artwork for purchase and digital delivery to consumers in New York.
2. By virtue of its default, StitchSpire admits the well-pleaded allegations of the Complaint concerning liability. Plaintiff owns a valid copyright in the artwork entitled "Not Today" (the "Subject Work"), U.S. Copyright Registration No. VA0002240645.
3. StitchSpire copied, displayed, offered for sale, and distributed through its Etsy storefront a digital file containing an exact copy of the Subject Work (the "Infringing Digital File") without Plaintiff's authorization. StitchSpire is liable for willful copyright infringement under 17 U.S.C. §§ 106 and 501.
4. StitchSpire knowingly provided and distributed false copyright management information in connection with the Subject Work, with the intent to facilitate or conceal infringement, in violation of 17 U.S.C. § 1202(a). Specifically, StitchSpire: (a) affixed its own watermark/logo in connection with the Subject Work; (b) imposed its own terms and conditions governing purchasers' use of the Infringing Digital File; and (c) represented that the artwork was "Copyright of Stitch Spire."
5. Plaintiff has established that, absent a permanent injunction, it will suffer irreparable harm for which monetary damages are inadequate. The Infringing Digital File may be reproduced, distributed, and commercially exploited indefinitely; downstream infringement is difficult to identify and quantify; and StitchSpire's false ownership

representations interfere with Plaintiff's control over the Subject Work and its market for legitimate licenses. The balance of hardships favors Plaintiff because StitchSpire has no lawful right to exploit the Subject Work, and the public interest is served by preventing the unauthorized distribution of copyrighted works and false claims of copyright ownership.

IT IS THEREFORE ORDERED that:

6. Plaintiff's Motion for Default Judgment against StitchSpire is GRANTED.
7. The Clerk of Court is directed to enter judgment in favor of Plaintiff Fox Shiver LLC and against Defendant StitchSpire in the total amount of ~~$102,500~~ $50,000, consisting of:
    a. $50,000 in statutory damages under 17 U.S.C. § 504(c)(2) for StitchSpire's willful infringement of the Subject Work; and
    b. ~~$52,500 in statutory damages under 17 U.S.C. § 1203(c)(3)(B) for StitchSpire's three violations of 17 U.S.C. § 1202(a).~~
8. StitchSpire, and its officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with it who receive actual notice of this Order, are permanently enjoined from:
    a. reproducing, displaying, distributing, offering for sale, selling, licensing, or otherwise exploiting the Subject Work, or any copy or derivative thereof;
    b. using the Subject Work in connection with any Etsy shop, website, online marketplace account, social-media account, or other storefront owned, operated, or controlled by StitchSpire;

c. providing or distributing false copyright management information in connection with the Subject Work, including any watermark, logo, terms and conditions, or assertion that StitchSpire owns the copyright in the Subject Work; and

d. inducing, enabling, or assisting others to reproduce, distribute, sell, license, or otherwise exploit the Subject Work without Plaintiff's authorization.

9. Any marketplace provider, payment processor, financial institution, or other third party holding funds restrained pursuant to the Court's May 21, 2025 Preliminary Injunction that are held for, owned by, or attributable to StitchSpire shall transfer those funds to Plaintiff within ten (10) business days after receiving notice of this Order. Any funds transferred shall be credited against the judgment entered in Paragraph 7.

10. Any transfer under Paragraph 9 constitutes only partial satisfaction unless and until the judgment, including post-judgment interest, is paid in full. Plaintiff may pursue any unpaid balance through lawful post-judgment collection procedures.

11. Post-judgment interest shall accrue on the unpaid judgment balance under 28 U.S.C. § 1961 from the date of entry of this Judgment until paid in full.

12. The Court retains jurisdiction to enforce this Judgment and Permanent Injunction.

SO ORDERED

Dated: October 8, 2026

Hon. Jesse M. Furman, U.S.D.J.

The Clerk of Court is directed to terminate Shameem Aslam d/b/a Stitchspire as Defendant in this case, to mail a copy of this Order to Defendants Shameen Aslam d/b/a StitchSpire and Narges Tankbris d/b/a JooJooArtStore, and to terminate ECF No. 212.